Burt *v.* Ricker & others.

WILLIAM L. BURT *vs.* GEORGE W. RICKER & others.

An assignment by an executor of a mortgage held by his testator and not foreclosed is valid, although it contains a provision that upon the payment of certain other specified claims held by the assignee against a third person the mortgage shall be cancelled and discharged.

WRIT OF ENTRY. It was agreed in this court that George W. Ricker, the former owner of the premises, conveyed them in 1850 to Jerediah Ricker, who in May 1851 mortgaged them to Josiah Willard, who afterwards died, and whose executor, Charles Hayden, in August 1856, assigned the mortgage, together with another mortgage, to James M. Cummings, by an instrument which contained the following proviso: " Provided nevertheless that if the said Jerediah Ricker and Moses Ricker, their heirs, executors and administrators, shall pay unto the said Cummings, his heirs and assigns, a certain two notes dated August 9, 1856, amounting to the sum of eighteen hundred dollars, signed by said Jerediah and Moses Ricker and payable in

one year from the date thereof, being the notes described in a mortgage dated August 9, 1856, from said J. & M. Ricker to said Cummings, then the said Cummings is to cancel and discharge the two mortgages hereby assigned to him, the same being transferred to him as collateral security for the sum of eighteen hundred dollars aforesaid." Cummings afterwards assigned the mortgage to one Parker, who entered to foreclose for breach of condition, and afterwards assigned the mortgage to the demandant, who retained possession under Parker's entry until the expiration of three years therefrom. Jerediah and Moses Ricker executed to Cummings a mortgage as recited in the above assignment, and Cummings assigned the same to Parker, who assigned it to the demandant. No one of these notes has been paid, nor any part thereof.

*W. L. Burt*, pro se.

*B. F. Jacobs*, for the tenants.

CHAPMAN, J. The only defect alleged in the demandant's title is the fact that Hayden, the executor of Willard, assigned to Cummings the mortgage under which the demandant claims, and that he had no authority to make such assignment. *Ex parte Blair*, 13 Met. 126, is cited in support of this position. That case decided that an administrator had no authority to sell a mortgage belonging to the estate, without license from the probate court. But the decision was made in 1847; and by *St.* 1849, *c.* 47, the law was changed, and authority was given to sell a mortgage not foreclosed, without such license. This mortgage was assigned in 1856, and had not then been foreclosed. It is objected that the sale was conditional. But the mortgage and the note secured by it were held as collateral security for the payment of another note; and the condition of the sale was merely that they should be cancelled upon the payment of that other note. It was not an assignment in mortgage by the executor, to secure any debt due from him; but the object of the condition was to secure by express stipulation the rights of the mortgagor. The court think it was within the scope of his authority to make such an assignment.

*Judgment for the demandant.*